**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-01604-CMA-NYW

THE PINEWOOD TOWNHOME ASSOCIATION, INC, a nonprofit Colorado corporation,

    Plaintiff,

v.

AUTO OWNERS INSURANCE COMPANY, a Michigan Insurance Company,

    Defendant.

---

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. # 51)**

---

This matter is before the Court on Defendant Auto Owners Insurance Company's Motion for Partial Summary Judgment. (Doc. # 51.) Defendant argues for the dismissal of Plaintiff Pinewood Townhome Association's First and Second Claims for Relief because, Defendant contends, they are barred by applicable statute of limitations periods. (*Id.* at 2.) For the following reasons, Defendant's motion is granted in part and denied in part.

## I.    BACKGROUND

This case arises from a property damage claim, initiated by Plaintiff, under an insurance contract (Insurance Policy) issued by Defendant. (Doc. # 5 at ¶ 1.) The Insurance Policy, referred to by Plaintiff as a "Business Owner's Policy," covered Plaintiff's commercial buildings located in Aurora, Colorado, effective June 1, 2012. (*Id.*

at ¶¶ 1, 3; Doc. # 51-1.) On June 6, 2012, a "hail/wind" storm caused damaged to those building/s.[1] (Doc. # 5 at ¶¶ 7–8.) Plaintiff submitted a claim to Defendant for damages arising from the storm, and Defendants appraised the property and agreed to pay on the claim. (*Id.* at ¶¶ 11, 13.)

Between fall of 2012 and January 2013, Plaintiff submitted two "supplements for additional work" regarding "damage [Defendants] missed." (*Id.* at ¶ 14.) In June 2014, Plaintiff submitted a "final supplement" requesting over $860,000 for damages to Plaintiff's property. (*Id.* at ¶ 15; Doc. 7, at ¶ 15.) Plaintiff argues that much of its claimed losses remain unpaid, giving rise to the present suit.

Defendant contends that it submitted payments to Plaintiffs on four separate occasions between fall of 2012 and July 2015, totaling $2,623,678.82. As pertinent here, Defendant adds that any other payment requests made by Plaintiff are not covered by the Insurance Policy and remain unpaid for that, and other, reasons.

On June 5, 2014, Plaintiff initiated this suit, arguing primarily that money remains owing to Plaintiff for loss sustained to the property and covered by the Insurance Contract. Plaintiff specifically raises four claims for relief: (1) breach of contract, (2) unreasonable delay and denial of payment of covered benefits under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116; (3) bad faith breach of the insurance contract; and (4) breach of the covenant of good faith and fair dealing.

---

[1] Plaintiff's complaint states that "a commercial building" sustained damage. (Doc. 5 at ¶ 1). Defendant's answer contends that "numerous" commercial buildings sustained damaged. (Doc. 7 at ¶ 1). Plaintiff's response to Defendant's motion for summary judgment implies that multiple structures sustained damage. Because this inconsistency has no bearing on the issues before this Court, the Court refers to the damaged property, when appropriate, as building/s.

Defendant requests that this Court grant summary judgment on Plaintiff's first two claims for relief.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is material if, under the applicable substantive law, it is essential to the proper disposition of the claim. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Id.* (citing *Anderson*, 477 U.S. at 248).

On issues of statutory interpretation, the Court interprets a statute as a whole, giving the words in the statute their plain and ordinary meanings, attempting to give effect to the legislature's intent. *Platt v. Aspenwood Condo. Ass'n*, 214 P.3d 1060, 1063 (Colo. App. 2009). The Court also looks at the context in which a statutory term appears, and the meaning of a word may be ascertained by reference to the meaning of words associated with it. *Id*.

For diversity jurisdiction cases, the court applies the substantive law of the forum state. *Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994). In this case, the forum state is Colorado.

### III.  BREACH OF CONTRACT CLAIM

The first question before this Court is rather simple—whether a two- or three-year statute of limitations applies to Plaintiff's First Claim for Relief: "Breach of Contract." If a two-year limitations period applies, Plaintiff's breach of contract claim is barred and summary judgment is warranted. If a three-year period applies, the claim is timely and summary judgment will be denied.

Colo. Rev. Stat. § 13-80-101(1)(a) states that all contract actions "shall be commenced within three years after the cause of action accrues, and not thereafter." However, parties may shorten the length of time by which a party may file suit, unless it is prohibited by statute. *Grant Family Farms, Inc. v. Colo. Farm Bureau Mut. Ins. Co.*, 155 P.3d 537, 538 (Colo. App. 2006). The Insurance Policy in this case did so shorten the length of time by which Plaintiff could file suit by providing that any suit under its provisions must be "brought within [two] years after the date on which the direct physical loss or damage occurred." (Doc. # 51-1 at 109.) Defendant argues that pursuant to *Grant* this shortened, contractual timeframe governs.

On the other hand, Plaintiff contends that the three-year statutory timeframe applies pursuant to Colo. Rev. Stat, § 10-4-110.8(12)(a), which provides certain circumstances in which the statutory limitations period, rather than the parties' insurance policy setting forth a shorter time frame, may govern. It states that,

notwithstanding a "*homeowner's* insurance policy" requiring a shorter limitations period, a "*homeowner* may file such a suit within the period of time allowed by the applicable statute of limitations." *Id.* (emphasis added). Plaintiff contends that it constitutes a "homeowner" because it "had an insurance policy covering townhomes." (Doc. # 52 at 3.) Defendant disagrees that Plaintiff should be considered a "homeowner" because the "townhomes" at issue were commercial properties governed by a commercial insurance policy, not a homeowner's policy. (Doc. # 53 at 1–6.)

This Court finds Defendant's position more convincing for several reasons. First, parties to a contract can limit an otherwise applicable statutory limitations period unless prohibited by statute. *See, e.g., Hepp v. United Airlines, Inc.*, 36 Colo. App. 350, 353, 540 P.2d 1141, 1143 (1975) (parties to a contract may require that actions founded on the contract be commenced within a shorter period of time than that prescribed by the applicable statute of limitations); *Bagher v. Auto-Owners Ins. Co.,* No. 1:12-CV-00980-REB, 2013 WL 3010694, at *3 (D. Colo. June 18, 2013) ("[T]he parties to a contract can limit th[e] time period [in § 13-80-101(1)] so long as the limitation is not prohibited by statute and is not unreasonable."). In *Grant Family Farms, Inc.*, 155 P.3d at 538, the Colorado Court of Appeals held that § 13-80-101(1)(a), providing for a three-year statute of limitations, "contains no language prohibiting contractually shortening the three-year limitations period." Therefore, a contractual provision shortening the period to two years, like the one in this case, is not "in conflict" with § 13-80-101(1)(a).

Second, § 10-4-110.8(12)(a) does not apply to this case. A plain language reading of that provision states that it extends the statute of limitations period applicable

5

to a "homeowner" filing suit under a "homeowner's policy," notwithstanding that the individual's "homeowner's insurance policy" provides for a shorter limitations period. § 10-4-110.8(12)(a). This lawsuit has not been initiated by a townhome owner under a homeowner's policy. It has been initiated by a commercial entity and self-proclaimed "business owner"—an entity that is not plainly contemplated by § 10-4-110.8(12)(a). (Doc. # 5 at ¶ 3.) In addition, the Insurance Policy refers to the covered buildings as Plaintiff's "commercial propert[ies]," not Plaintiff's "home" or "homes." (Doc. # 51-1 at 6–14.) That the commercial properties are townhomes[2] owned by individual residents does not place this lawsuit within the reach of § 10-4-110.8(12)(a).

Further, in substance and form, the Insurance Policy in this case is a "Business Owner's Policy" that covers "commercial property," (Doc. # 5 at ¶ 3; Doc. # 51-1 at 3), not a "homeowner's policy" as mentioned in § 10-4-110.8(12)(a). Among other things, the Insurance Policy contains provisions related to business personal property, business inventory, business income, employee dishonesty, accounts receivable, and the like. (Doc. # 51-1.) Colorado Revised Statute § 10-4-110.6 defines "homeowners insurance" as "insurance that covers damage or loss to all types of homes, including, but not limited to, site-built homes, manufactured homes, factory-built homes, and mobile homes." Section 10-4-110.7 further specifies notices that an insurer is obligated to provide related to "an individual's real and personal property for the purpose of homeowner's insurance." Section 10-4-110.8(3)(a) further makes references to the

---

[2] The Court recognizes that townhomes may be considered homes under Colorado law. *See, e.g., Smith v. Exec. Custom Homes, Inc.*, 230 P.3d 1186, 1188 (Colo. 2010) (referring townhome owners as "homeowners").

"policyholder's dwelling unit" and "the time required to move the policyholder's household to a new location."

As Plaintiff's complaint notes, the structures at issue in this case are "commercial" buildings covered by a commercial or business owner's insurance plan. (Doc. # 5 at ¶¶ 1, 3; Doc. # 51-1 at 3.) Title 10 of the Colorado Revised Statutes, which governs property and casualty insurance, treats insurance coverage for "commercial" properties and "homeowner's insurance" separately, signaling that the legislature did not intend for the homeowner's provisions, including § 10-4-110.8(12)(a), to automatically apply to commercial properties, and vice versa. *Compare* § 10-4-109.5, .7, -110.5 (sections, among others, dealing with commercial coverage) *with* § 10-4-110.7–.8 (sections applicable only to homeowner's insurance).

Accordingly, the Court concludes that, pursuant to the Insurance Policy, a two-year statutory period applies, beginning on the date "which the direct or physical loss or damage occurred." (Doc. # 51-1 at 109). It is undisputed that the loss or damage in this case occurred on June 6, 2012. Plaintiff initiated this action on June 4, 2015—three years after the statutory period began to run. Accordingly, Plaintiff's breach of contract claim is untimely. The Court therefore grants summary judgment as to Plaintiff's First Claim for Relief.

## IV.  STATUTORY CLAIM UNDER §§ 10-3-1115 and 10-3-1116

Next, Defendant argues that Plaintiff's Second Claim for Relief—"Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116"— is untimely based on a one-year statutory limitations period applicable to penal statutes, § 13-80-103(1)(d).  Plaintiff disagrees that the one-year period applies, instead arguing for the application of the two-year period contained in §§ 13-80-102(1)(a) because, in Plaintiff's view, §§ 10-3-1115 and 10-3-1116 are not penal statutes.

Regardless of whether a one- or two-year statutory period applies[3], the parties' factual dispute over the accrual date renders this claim improper for summary judgment.  Claims for violation of §§ 10-3-1115 and 10-3-1116 "accrue in the same manner as bad faith claims." *Wardcraft Homes, Inc. v. Employers Mut. Cas. Co.*, 70 F.Supp.3d 1198,

---

[3] The Court recognizes the various courts in this district concluding that §§ 10-3-1115 and 10-3-1116 are subject to a one-year limitations period because they are penal in nature. *See Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 14-cv-01642-PAB-KLM, 2015 WL 5047640, at *3 (D.C. Colo. Aug. 27, 2015); *Mascarenas v. Am. Family Mut. Ins. Co.*, No. 14-CV-02799-KLM, 2015 WL 8303604, at *8 (D. Colo. Dec. 8, 2015); *Hernandez v. Am. Standard Ins. Co. of Wisconsin*, No. 11-CV-03076-RBJ, 2013 WL 6633392, at *4 (D. Colo. Dec. 16, 2013); *Rooftop Restoration, Inc. v. Ohio Sec. Ins. Co.*, No. 15-CV-00620-LTB-KTM, 2015 WL 9185679, at *4.  Most of those courts, however, emphasized that the Colorado state appellate courts had not yet weighed in on the issue.  Recently, the Colorado Court of Appeals weighed in.  In *Casper v. Guarantee Trust life Ins. Co.*, 2016 COA 167, ¶ 56, the division "disagreed that [§ 10-3-1116] is penal."  The division then stated, even assuming § 10-3-1116 has penal components, it also has components that are not penal in nature. *Casper*, ¶ 57.  The panel added that the statute may be "penal" to the extent that it allows a plaintiff to recover two times the amount of the covered benefit, but "remedial" to the extent that it allows a plaintiff to recover "attorney fees and costs."  *Id.*  The division then cited *Moeller v. Colo. Real Estate Comm'n*, 759 P.2d 697, 701 (Colo. 1988), for the proposition that, "when a statute is both remedial and penal in nature, the remedial and penal elements are separated and the appropriate standard is applied to each." *Id.*  While declining to decide this issue now, the Court notes that it is inclined to follow the Colorado Court of Appeals interpretation of a Colorado statute, particularly to the extent that it departs from federal district court precedent.  *See, e.g., Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352 (10th Cir. 1997) (a district court, sitting in diversity, must apply the substantive law of the state in which it sits).

1212 (D. Colo. 2014). A bad faith cause of action accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(1).

Plaintiff's statutory claimed injury under §§ 10-3-1115 and 10-3-1116 is based on Plaintiff's allegation that Defendant unreasonably delayed or denied Plaintiff's claim without a reasonable basis for doing so. Defendant argues that Plaintiff "should have known" about this injury on either October 15, 2012, or at the latest, June 25, 2013. Defendant contends that October 15, 2012, represents the date in which Plaintiff first requested a supplement for additional work. As soon as Plaintiff recognized that supplemental work was needed, Defendant argues that Plaintiff "should have known" that the claim was underpaid. Defendant also points to June 25, 2013, as being the date on which Plaintiff submitted another supplement and, therefore, "should have known" that the claim was underpaid.

Plaintiff, however, contends that it "should have known" about the injury on or about June 5, 2014, when Plaintiff submitted a final supplemental request for payment and it was denied by Defendant. Plaintiff adds that it could not have known about Defendant's delayed or denied payments before June 5, 2014[4], because, before the last supplement request, Defendant continued to pay all Plaintiff's requests for payment.

---

[4] Defendant's argument that this Court cannot consider this date because the exhibit attached to Plaintiff's response is inadmissible at trial is unavailing. Defendant admitted in its answer to the complaint that the final supplement was dated June 5, 2014. (Doc. # 7 at ¶ 15.) The Court therefore relies on that admission, not the exhibit, regardless of its admissibility, in deciding this motion for summary judgment. Moreover, Defendant's answer suggests that Defendant believes the supplement and Defendant's subsequent denial occurred even later, possibly in

The parties therefore submit at least three different dates, falling into different limitations periods, for when Plaintiff "should have known" about the injury giving rise to the cause of action forming the basis of Plaintiff's Second Claim for Relief.  These dates are based on disputed factual averments, such as when Defendant began to delay, deny, or underpay, if at all, and when Plaintiff became aware of that conduct.  "It is settled law in the majority of circuits that the issue of when a plaintiff knew or with reasonable diligence should have known of a cause of action is a question of fact for the jury."  *Williams v. Borden, Inc.*, 637 F.2d 731, 738 (10th Cir. 1980); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir. 1985).  Summary judgment cannot be granted "unless the evidence is so clear that there is no genuine factual issue" that the determinations can be made as a matter of law.  *Williams*, 637 F.2d at 738.  This Court is not convinced that the record, viewed in the light most favorable to Plaintiff, demonstrates conclusively when Plaintiff knew or should have known about the cause and injury giving rise to its statutory claim under §§ 10-3-115 and 10-3-1116.

Accordingly, because genuine issues of material fact remain regarding when Plaintiff's Second Claim for Relief began to accrue, the Court denies summary judgment as to that Claim.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART.  (Doc. # 51.)  It is

---

July (*id.*)—further supporting this Court's decision that factual disputes underlying the resolution of this issue preclude summary judgment of the claim.

FURTHER ORDERED that this Court's previous Order Granting in Part and Denying in Part Defendant's Motion for Partial Summary Judgment (Doc. # 61) is VACATED.

DATED: February 13, 2017

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge